```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

   BENEVILLE FARREN and JOHN J.
   MYERS, JR.,                           1:17-cv-05364-NLH-JS

             Plaintiffs,           **OPINION**

        v.

   FCA US, LLC, et al.,

             Defendants.

**APPEARANCES:**

JOSEPH S. LUKOMSKI
ROVNER, ALLEN, ROVNER, ZIMMERMAN, LUKOMSKI & WOLF, ESQS.
411 ROUTE 70 EAST
SUITE 100
CHERRY HILL, NJ 08034-2414
     On behalf of Plaintiffs

TIFFANY M. ALEXANDER
TANENBAUM KEALE LLP
1085 RAYMOND BLVD
ONE NEWARK CENTER, 16TH FLOOR
NEWARK, NJ 07102-5225
     On behalf of Defendants

**HILLMAN, District Judge**

   Pending before the Court is the motion of Plaintiffs to remand their case to New Jersey Superior Court Law Division, Atlantic County.  Plaintiffs claim in their complaint that on June 18, 2015, Plaintiff John J. Myers, Jr., stepson of Plaintiff Beneville Fenton, was driving a 2005 Dodge Ram 1500 pick-up truck owned by Fenton in Deptford, New Jersey when the truck began shaking and the rear wheels began to skid out,

resulting in Myers' inability to control the truck.  The
Complaint further alleges the truck left the roadway, crashed
into a utility pole, rolled over, and struck a tree.  Plaintiffs
claim that the airbags failed to deploy, the truck was totaled,
and Myers suffered serious injuries.  Plaintiffs claim that
Defendants are liable for his injuries, and the damage to the
truck and utility pole, because of manufacturing defects, which
were the subject of safety recalls.

Defendants removed Plaintiffs' case to this Court pursuant
to 28 U.S.C. § 1441(a), averring subject matter jurisdiction
under 28 U.S.C. § 1332(a)(1), which provides that a district
court has original jurisdiction over all civil actions where the
amount in controversy exceeds the sum or value of $75,000,
exclusive of interests and costs, and is between citizens of
different states.  Defendants' notice of removal properly avers
the diversity of citizenship between the parties:  Plaintiffs
are citizens of New Jersey, and Defendants are citizens of the
United Kingdom and the Netherlands.

For the amount in controversy requirement, Defendants'
notice of removal avers that the allegations in Plaintiffs'
complaint readily establish that the amount in controversy
exceeds $75,000:

> In the Complaint, Plaintiff, John J. Myers, Jr. claims
> that he suffered injuries which are or may be "serious and
> permanent, including, but not limited to, concussion,

>     closed head injury, dizziness, injuries to his left ear,
>     left shoulder, legs, ribs, rib cage, chest wall pain,
>     contusions, abrasions."  Moreover, Plaintiff claims he has,
>     or in the future will be, disabled and "caused great pain
>     and suffering."
>
>     Given the alleged severity and permanency of
>     plaintiff, John J. Myers, Jr.'s injuries and his claims for
>     damages, it is facially apparent that Plaintiffs are
>     demanding an amount, exclusive of interest and costs, in
>     excess of the jurisdictional minimum set forth in 28 U.S.C.
>     § 1332.

(Docket No. 1 at 3.)

Defendants removed Plaintiffs' case on July 24, 2017.  On August 17, 2017, Plaintiffs' counsel advised defense counsel that Plaintiffs' damages do not exceed $75,000, and on August 22, 2017, the parties executed a stipulation of damages, where Plaintiffs agreed that the damages for all of their claims, individually and collectively, do not exceed $74,999.99. (Docket No. 6 at 22.)  On that same day, Plaintiffs filed their motion to remand, presenting the stipulation as the basis to defeat this Court's subject matter jurisdiction under § 1332. Defendants do not refute Plaintiffs' stipulation as to their maximum damages, and they do not oppose Plaintiffs' motion. (Docket No. 8.)

When a plaintiff has challenged a removal of his complaint based on the amount in controversy requirement, as a starting point a federal court determines the amount in controversy from the complaint itself.  See Angus v. Shiley,

Inc., 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."); Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007) ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court."). If a plaintiff has not specifically averred that the amount in controversy is less than the jurisdictional minimum, the test espoused by Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392 (3d Cir. 2004) applies to the review of the complaint. Frederico, 507 F.3d at 196. Under Samuel-Bassett, the challenger to subject matter jurisdiction has to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold. Id. In contrast, where the complaint specifically avers that the amount sought is less than the jurisdictional minimum, the standard set forth by Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006) applies. Under Morgan, a defendant seeking removal must prove to a legal certainty that the plaintiff can recover the jurisdictional amount. Id. at 196-97.

Here, Plaintiffs' complaint does not specify a particular amount of damages, so to prevail on their motion to remand, Plaintiffs must show to a legal certainty that they cannot recover damages in excess of $75,000, or that they were never entitled to recover that amount. Id. Plaintiff's stipulation

4

of damages, filed after removal, standing alone, does not satisfy this burden.

The Supreme Court announced long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [] does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292–93 (1938) (further reiterating that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached"). Thus, Plaintiffs' post-removal agreement with Defendants that their damages will not exceed $74,999.99, and Defendants' lack of opposition to Plaintiffs' motion to remand cannot – without more – extinguish this Court's subject matter jurisdiction.

Plaintiffs' claims in their complaint assert that Myers suffered severe and permanent injuries, as well as significant pain and suffering, as a result of his truck hitting a utility pole, rolling over, and then hitting a tree, all because of Defendants' alleged manufacturing defects relating to the airbag and rear axle. These damages are in addition to property damage to the truck and utility pole.[1] Plaintiffs have asserted claims

---

[1] It appears that Plaintiffs are being held responsible for the cost to repair the utility pole in the amount of $6,532.50.

for violations of the New Jersey Products Liability Act, N.J.S.A. 2A:15-5.9, which provides for punitive damages five times the amount of a compensatory damage award, along with claims for general negligence and fraud.

In order to defeat Defendants' contention that these claims exceed $75,000 if they were to prevail, Plaintiffs must explain why their claims do not, or cannot, exceed $75,000. Because Plaintiffs have not done so, their motion to remand must be denied. See, e.g., Correas v. C.R. England-Global Transp., 2014 WL 2737986, at *3 (D.N.J. 2014) (finding that the plaintiff's statement in his motion to remand that his damages do not exceed $75,000 insufficient to divest the court of subject matter jurisdiction because he did not point "to any reason why he cannot recover the amount stated in his explanation of damages," and he did not, "for instance, suggest[] that state law would cap his damages at a level below the jurisdictional minimum"); Tyson v. Schindler Elevator Corp., 2017 WL 1966919, at *2 (E.D. Pa. 2017) (rejecting an amended complaint and a stipulation of damages below $75,000 to support a motion to remand because the court was unable to find, to a legal certainty, that the plaintiff could not recover at least $75,000.00: "In the Amended Complaint, Plaintiff avers that her pain is significant

---

(Docket No. 1 at 19.)

6

and persistent; she has and may continue to expend large sums of money to treat her injury and reduce her pain; her earning potential has been impaired; she may be disfigured; and she experiences emotional distress. . . . Thus, the pleadings themselves do not make it apparent to this Court, to a legal certainty, that Plaintiff is unable to recover an award in excess of the jurisdictional limits.").

Even though "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)), "[i]f the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice," Red Cab, 303 U.S. at 294. "The claim, whether well or ill[-]founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election." Red Cab, 303 U.S. at 294.

In sum, two things are equally true. This is a court of limited jurisdiction. It must not exercise its considerable power beyond the scope of its authority as conferred by the

Constitution and statute.  However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred.

Consequently, because Plaintiffs' only basis for remand rests upon a post-removal stipulation of damages below the jurisdictional threshold, Plaintiffs' motion to remand must be denied.  The denial of Plaintiffs' motion is without prejudice to their right to re-file their motion if they wish to follow Frederico in an attempt to meet the Samuel-Bassett legal certainty standard.[2]

An appropriate Order will be entered.

Date:   January 11, 2018            s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[2] Neither Plaintiffs nor Defendants are prisoners of the federal court if they would rather return to state court.  The parties may follow Fed. R. Civ. P. 41(a)(1)(A), which provides that after a defendant has filed an answer, a plaintiff may dismiss his action without a court order by filing a stipulation of dismissal signed by all parties.  Thereafter, Plaintiffs may refile their action in state court.  The Court recognizes that the statute of limitations may be an issue in this case since the accident occurred on June 15, 2015 and Plaintiffs' complaint was filed on June 15, 2017.  There are at least two possible remedies.  Either a second complaint could be said, as a matter of state law, to relate back to the first complaint tolling the statute of limitations, or state law may allow the parties to agree to waive any statute of limitations defenses in order to accomplish the goal of re-filing and litigating this matter in state court.  The Court expresses no view on the legal efficacy of either approach under state law.  The Court also pauses to note that this procedural complexity could have been easily avoided if the parties had conferred about the extent of Plaintiffs' claim for damages prior to the filing of the removal petition, a practice the Court would encourage.